# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-20665-GAYLES

MSP RECOVERY CLAIMS, SERIES LLC,
MSPRA CLAIMS 1, LLC, AND SERIES
PMPI, A DESIGNATED SERIES OF
MAO-MSO RECOVERY II LLC,

           **Plaintiffs,**

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

           **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on MSP Recovery Claims, Series LLC, MSPRA

Claims 1, LLC, and Series PMPI's (collectively, "Plaintiffs") Motion to Remand to State Court. [ECF

No. 5]. The Court has considered the Motion and the record, and is otherwise fully advised. Because

the Court finds that Defendant Philadelphia Indemnity Insurance Company has failed to establish

the requisite amount in controversy, the Motion is granted.

### LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal

court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction

requires fully diverse citizenship of the parties and an amount in controversy over $75,000,

assessed at the time of removal. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.

2001); *see also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

But if there is a dispute regarding the amount in controversy, the burden rests on the Defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 553–54 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," *e.g.*, because the amount-in-controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court must construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

## DISCUSSION

Plaintiffs sued Defendant in Florida state court to obtain a pure bill of discovery. A pure bill of discovery allows a plaintiff to investigate its claims before filing a lawsuit. *See MSP Recovery Claims, Series LLC v. C.R. Bard, Inc.*, No. 18-cv-24511, 2019 WL 2254927, at *5 ("[A] pure bill of discovery is an equitable remedy under state law that serves 'to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court.'") (quoting *Mesia v. Fla. Agr. & Mechanical Univ. School of Law*, 605 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009)). "Florida courts treat bills of discovery as the first step in a civil action . . . ." *Id.* (citing *Spector v. Suzuki Motor of Am., Inc.*, 2018 WL 345925, at *2 (M.D. Fla. Jan. 10, 2018). As a bill of discovery exists only under state law, a defendant seeking removal must

demonstrate that diversity jurisdiction—requiring that both parties are diverse and the amount in controversy exceeds $75,000—exists to maintain the discovery in federal court. *MSP Recovery Claims Series, LLC v. Dairyland Ins. Co.*, No. 19-20510, 2019 WL 1876697, at *1 (S.D. Fla. Apr. 26, 2019).

To establish the amount in controversy, Defendant asks the Court to assume Plaintiffs' future success of an unspecified number of potential future suits against nine different assignors, estimating an outcome of at least $10,000 per suit. In Defendant's view, the possibility of these future suits and the reasonable inferences taken from Plaintiffs' allegations establish that this bill of discovery—and the object of the litigation—exceeds $75,000. But Plaintiffs allege no such details in their bill of discovery. To the contrary, Plaintiffs merely seek information that *may* be used to later bring a lawsuit against unspecified defendants for an unspecified sum. *See* [ECF No. 1-2, ¶ 1 ("Plaintiffs seek to compel Defendant to identify where certain Medicaid beneficiaries were insured by policies issued by Defendant when involved in an accident, and whose accident-related medical expenses were subsequently paid or assumed by a Medicaid Managed Care Organization [. . .] and first tier, downstream and related entities . . . .")]. Plaintiffs don't specify which assignor, which Plaintiff, the amount of a potential claim, or really any information about the potential future suit. Without such detail, as courts in this District have previously held, this does not demonstrate that the amount in controversy exceeds the threshold by a preponderance of the evidence: at best, it's rank speculation.

This case aligns with numerous other cases in this District, all of which have come to the same conclusion. *E.g.*, *Dairyland Ins. Co.*, 2019 WL 1876697, at *2 (citing eleven similar cases); *MSP Recovery Claims Series, LLC v. Hanover Ins. Co.*, No. 19-cv-20507, 2019 WL 2105978, at *1 (S.D. Fl. Apr. 22, 2019) (citing six factually identical cases); *see also C.R. Bard*, 2019 WL

2254927, at *4 (recommending remand). The Court sees no reason to depart from these precedents.

*　　*　　*

The Court has also considered whether Plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court notes that each case similar case was removed at the same time, and that Defendant made the same arguments in this case. Although Defendant's arguments have not yet succeeded, the Court cannot find that they were objectively unreasonable. Therefore, Plaintiffs' request for attorney's fees and costs is denied.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [ECF No. 5] is **GRANTED**. This action shall be **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiffs' request for an award of attorney's fees, costs, and sanctions pursuant to 28 U.S.C. § 1447(c), is **DENIED**.

This action shall be **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE